UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY DEJUAN MEYERS, | ) |
| Plaintiff, | ) |
| v. | ) 18-1132 |
| WARDEN RIOS, *et al.* | ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER**

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that, while he was incarcerated at FCI Pekin in 2010, he "was set up by Warden Rios and [defendant] Jimmenez to accumulate 8 battery conduct reports on one Lt. Buck that resulted in 14 months in 24-hour lockdown and all good time taken." (Doc. 1 at 3). Plaintiff also alleges that prison officials spit in his food in retaliation for conduct plaintiff does not fully explain.

Plaintiff's claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), given his status as a federal prisoner. Plaintiff appears to allege that these events occurred in 2010. If so, Plaintiff's claims would be barred by the statute of limitations. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) (*Bivens* actions in Illinois have a 2-year statute of limitations). In addition, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff from challenging any findings of fact that led to the loss of good-time credit until such findings have been overturned in a *habeas corpus* proceeding. Finally, plaintiff does not describe the protected conduct in which he engaged that led to the retaliation he alleges. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

The Court will grant Plaintiff an opportunity to provide additional information in an amended complaint. If Plaintiff chooses to file an amended complaint, he should describe when these events happened, whether he lost good-time credit, and if he did, whether that good-time credit has been restored, and describe the protected conduct in which he engaged that caused prison officials to retaliate against him.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

Entered this 17th day of April, 2018.
/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE